IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

*By staylor at 3:39 pm, Mar 19, 2018*

| | |
|---|---|
| TRAVIS JONATHAN MITCHELL, | |
| Plaintiff, | CIVIL ACTION NO.: 6:17-cv-143 |
| v. | |
| MS. JACKSON, Unit Manager; OFFICER WRIGHT; and OFFICER ROGER, | |
| Defendants. | |

### ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently housed at Hays State Prison in Trion, Georgia, submitted a Complaint pursuant to 42 U.S.C. § 1983 contesting certain events that occurred while he was housed at Georgia State Prison in Reidsville, Georgia.  (Doc. 1.)  For the reasons set forth below, I **RECOMMEND** that the Court **DISMISS** Plaintiff's claims against Defendants Wright and Roger entirely, **DISMISS** Plaintiff's claims for monetary damages against Defendant Jackson in her official capacity, and **DISMISS** Plaintiff's claims pursuant to the Fourteenth Amendment.  Additionally, the Court should **DENY** Plaintiff leave to appeal *in forma pauperis* as to his claims against Defendants Wright and Roger.  However, Plaintiff's allegations arguably state colorable Eighth Amendment claims against Defendant Jackson.  Accordingly, the Court **DIRECTS** the United States Marshal to serve Defendant Jackson with a copy of Plaintiff's Complaint and this Order.

## PLAINTIFF'S ALLEGATIONS[1]

On April 22, 2016, Plaintiff spoke with Defendant Jackson to request a different dorm assignment because members of the Bloods gang had a "$1000 hit on [him]." (Doc. 1, p. 5.) Defendant Jackson told Plaintiff she could not move him out of the E-1 dorm due to his security assignment and because other dorms were full. (Id.) Plaintiff then requested that prison staff keep the E-building doors locked to prevent inmates from other dorms entering. Defendant Jackson assured Plaintiff "she would check into it." (Id.)

On April 26, 2016, Plaintiff spoke with Defendant Wright and explained that he needed to speak with Defendant Jackson immediately regarding a dorm transfer. (Id.) Plaintiff told Defendant Wright that "the Bloods had a $1000 hit on [him]" and they "kept running into E-1 dorm trying to get [him] . . . ." (Id.) Defendant Wright said she would try to contact Defendant Jackson but did not think she would be successful. (Id.) Plaintiff ultimately was unable to speak with Defendant Jackson.

That evening, two Bloods-affiliated inmates entered the E-building in search of Plaintiff. (Id. at p. 6.) Upon seeing them, Plaintiff went to his cell and locked the door. (Id.) However, one inmate approached the control booth, manned by Defendant Roger, and requested that she disengage the lock on Plaintiff's cell door. (Id.) Defendant Roger failed to ask for verifying information and proceeded to unlock Plaintiff's door. (Id.) At that point, the two inmates entered Plaintiff's cell and "starting beating [Plaintiff] until [he] black[ed] out and fell and hit [his] head on the toilet." (Id.) After regaining consciousness, two officers noticed Plaintiff's injuries and took him to medical. As a result of this attack, Plaintiff suffered a severe concussion and a separated left shoulder. (Id.)

---

[1] The below-recited facts are taken from Plaintiff's Complaint, (doc. 1), and are accepted as true, as they must be at this stage.

Plaintiff seeks compensatory and punitive damages, as well as "an injunction to prevent such occurrences from taking place in the future." (Id.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil

Procedure 12(b)(6).  Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010).  Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.  Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . .") (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**DISCUSSION**

I.  **Deliberate Indifference to Safety**

The Eighth Amendment "imposes a duty on prison officials" to "take reasonable measures to guarantee the safety of the inmates." Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099–100 (11th Cir. 2014). While "[p]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners[, i]t is not, however, every injury suffered by one prisoner at the hands of another that translates into a constitutional liability. . . ." Purcell ex rel. Estate of Morgan v. Toombs County, 400 F.3d 1313, 1319 (11th Cir. 2005) (citing Farmer v. Brennan, 511 U.S. 825 (1994)).

To show an Eighth Amendment violation, a plaintiff must "allege facts sufficient to show '(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.'" Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (quoting Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995)). The Court assesses the first element—a substantial risk of serious harm—under an objective standard. Caldwell, 748 F.3d at 1099. The objective component requires a plaintiff to show that the condition he complains of is sufficiently serious to violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8 (1992); Chandler v. Crosby, 379 F.3d 1278, 1289–90 (11th Cir. 2004).

The second element—defendants' deliberate indifference to a substantial risk of serious harm—has three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003) (citing McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999)).[2] The

---

[2] Eleventh Circuit case law on whether a claim of deliberate indifference requires "more than *gross* negligence" or "more than *mere* negligence" is contradictory. Compare Goebert v. Lee County, 510 F.3d 1312, 1327 (11th Cir. 2007), with Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011). In Melton v. Abston, 841 F.3d 1207, 1223 (11th Cir. 2016), the Eleventh Circuit found "more than mere negligence" to be the appropriate standard. 841 F.3d at 1223 n.2. Even so, at least two unpublished,

"subjective knowledge of a risk of serious harm" component requires a defendant to have "actual knowledge that an inmate faced a substantial risk of serious harm[.]" Caldwell, 748 F.3d at 1099.  In a failure to protect claim, a prison official must be faced with a known risk of injury that rises to the level of a "strong likelihood rather than a mere possibility." Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (citations and quotations omitted).

Thus, "[t]o be deliberately indifferent a prison official must know of and disregard 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference.'" Smith v. Reg'l Dir. of Fla. Dep't of Corr., 368 F. App'x 9, 14 (11th Cir. 2010) (quoting Purcell, 400 F.3d at 1319–20).  "[S]imple negligence is not actionable under § 1983, and a plaintiff must allege a conscious or callous indifference to a prisoner's rights." Id. (quoting Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982)); see also Carter v. Galloway, 352 F.3d 1346, 1350 (11th Cir. 2003) ("[M]erely negligent failure to protect an inmate from attack does not justify liability under section 1983 . . . .") (quotations and citations omitted).

At this stage, Plaintiff alleges sufficient facts to state a deliberate indifference to safety claim against Defendant Jackson.  Plaintiff contends that, just four days before the attack occurred, he specifically spoke with Defendant Jackson regarding the risk of an immediate attack by Bloods gang members.  (Doc. 1, p. 5.)  Despite this conversation and the knowledge that a "$1000 hit" had been placed on Plaintiff, Defendant Jackson failed to implement any safety measures.  (Id.)

However, Plaintiff cannot sustain a claim against Defendants Wright or Roger.  Plaintiff fails to indicate whether these Defendants had the ability to reassign Plaintiff or otherwise affect

---

Eleventh Circuit cases post-Melton have continued to use the "gross negligence" standard.  See, e.g., Woodyard v. Ala. Dep't of Corr., 2017 WL 2829376 (11th Cir. June 30, 2017); Sifford v. Ford, 2017 WL 2874517 (11th Cir. July 6, 2017).  However, because the Eleventh Circuit explicitly addressed this issue in Melton, this Court will apply the "more than mere negligence" standard.

the overall dorm safety conditions necessary to prevent gang violence. See LaMarca v. Turner, 995 F.2d 1526, 1537 (11th Cir. 1993) ("Mere knowledge of the infirm conditions . . . does not establish deliberate indifference.  The plaintiffs must also demonstrate that, with knowledge of the infirm conditions, [defendant] knowingly or recklessly declined to take actions that would have improved the conditions."); Bennett, 689 F.2d at 1384 ("There can be no duty . . . to do that which is beyond the power, authority, or means of the charged party.").  Furthermore, to the extent Plaintiff seeks to hold Defendant Roger liable for opening his cell door, he cannot do so. Plaintiff fails to allege facts indicating that Defendant Roger knew the risk the inmates posed to Plaintiff.

Accordingly, the Court should **DISMISS** Plaintiff's claims against Defendants Wright and Roger.

## II.     Claims for Monetary Damages Against Defendant Jackson in her Official Capacity

Plaintiff cannot sustain a Section 1983 claim for monetary damages against Defendant Jackson in her official capacity.  States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty.  Alden v. Maine, 527 U.S. 706, 712–13 (1999).  Section 1983 does not abrogate the well-established immunities of a state from suit without its consent.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989).  Because a lawsuit against a state officer in his official capacity is "no different from a suit against the [s]tate itself," such a defendant is immune from suit under Section 1983.  Id. at 71.  Here, the State of Georgia would be the real party in interest in a suit against Defendant in her official capacity as an employee of the Georgia Department of Corrections.  Accordingly, the Eleventh Amendment immunizes Defendant Jackson from suit in her official capacity.  See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989).  Absent a waiver of that immunity, Plaintiff

7

cannot sustain any constitutional claims against Defendant Jackson in her official capacity for monetary relief, and the Court should **DISMISS** those claims.

### III. Fourteenth Amendment Claim

Plaintiff states that, because of this incident, his "14th [Amendment] constitutional rights [were] violated." (Doc. 1, p. 6.) However, as an inmate serving a sentence of imprisonment (as opposed to a pretrial detainee), Plaintiff's claims of deliberate indifference to safety are governed by the Eighth rather than the Fourteenth Amendment. Plaintiff's Complaint is devoid of any other facts that would implicate the Fourteenth Amendment, and his conclusory statement to the contrary is insufficient to state a claim. See Twombly, 550 U.S. at 555 (requiring a plaintiff to assert "more than labels and conclusions" to assert a claim). Consequently, the Court should **DENY** any putative Fourteenth Amendment claims Plaintiff seeks to bring in this case.

### VI. Leave to Appeal *in Forma Pauperis*

Should the Court accept my recommendation to dismiss Plaintiff's claims against Defendants Wright and Roger, the Court should also deny Plaintiff leave to appeal *in forma pauperis* as to those Defendants. Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal

8

theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims against Defendants Wright and Roger, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal as to those Defendants.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** that the Court **DISMISS** Plaintiff's claims against Defendants Wright and Roger entirely, **DISMISS** Plaintiff's claims for monetary damages against Defendant Jackson in her official capacity, and **DISMISS** Plaintiff's claims pursuant to the Fourteenth Amendment. Additionally, the Court should **DENY** Plaintiff leave to appeal *in forma pauperis* as to his claims against Defendants Wright and Roger.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the Plaintiff.

## REMAINING CLAIM AND DEFENDANTS

As stated above, Plaintiff's states a colorable claim against Defendant Jackson for deliberate indifference to his safety.  Consequently, a copy of Plaintiff's Complaint, (doc. 1), and a copy of this Order shall be served upon Defendant Jackson by the United States Marshal without prepayment of cost.  The Court also provides the following instructions to the parties that will apply to the remainder of this action and which the Court urges the parties to read and follow.

## INSTRUCTIONS TO DEFENDANT

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs that service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3).  In most cases, the marshal will first mail a copy of the complaint to the defendant by first-class mail and request that the defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local R. 4.7.  Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver.  Fed. R. Civ. P.

10

4(d)(2).  Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver.  Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendant is hereby granted leave of court to take the deposition of Plaintiff upon oral examination.  Fed. R. Civ. P. 30(a).  Defendant is further advised that the Court's standard 140-day discovery period will commence upon the filing of the last answer.  Local R. 26.1.  Defendant shall ensure that all discovery, including Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

In the event that Defendant takes the deposition of any other person, Defendant is ordered to comply with the requirements of Federal Rule of Civil Procedure 30.  As Plaintiff will likely not be in attendance for such a deposition, Defendant shall notify Plaintiff of the deposition and advise him that he may serve on Defendant, in a sealed envelope, within ten (10) days of the notice of deposition, written questions Plaintiff wishes to propound to the witness, if any.  Defendant shall present such questions to the witness seriatim during the deposition.  Fed. R. Civ. P. 30(c).

## <u>INSTRUCTIONS TO PLAINTIFF</u>

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon her attorney, a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendant or her counsel.  Fed. R. Civ. P. 5.  "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number."  Fed. R. Civ. P. 10(a).

<u>Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action. Local R. 11.1. Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this case.</u>

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendant, Plaintiff must initiate discovery. <u>See</u> <u>generally</u>, Fed. R. Civ. P. 26, *et seq*. The discovery period in this case will expire 140 days after the filing of the last answer. Local R. 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Local R. 26.1. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local R. 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. <u>See</u> Fed. R. Civ. P. 33. Interrogatories may be served only on a <u>party</u> to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not <u>named</u> as a defendant. Interrogatories are not to contain more than twenty-five (25) questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c), 37(a)(2)(A); Local R. 26.7.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendant. Upon no less than five (5) days' notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is required to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

### ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall

indicate that there is no opposition to a motion." Local R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendant's motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local R. 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should Defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest Defendant's statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendant's affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 19th day of March, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA